Filed 12/21/22  P. v. Luna CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RUBEN LUNA,<br><br>Defendant and Appellant. | F083626<br><br>(Super. Ct. No. CF99638211)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Gregory T. Fain, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Poochigian, J. and Franson, J.

Defendant Ruben Luna appeals the extension of his commitment to the State Department of State Hospitals to April 20, 2023.  Our review of the record in this case and the laws governing the waiver of the right to a jury trial requires we reverse the decision of the trial court to extend the commitment and remand this matter for further proceedings.

## BACKGROUND

In February 2000, defendant pled not guilty by reason of insanity (NGI) to a violation of Penal Code[1] section 647.6 subdivision (c)(2).  In March 2000, defendant was committed to a state hospital.  On January 6, 2021, the People filed a petition to extend defendant's commitment to a state hospital pursuant to section 1026.5, for a period of two years.  The petition was necessary as defendant's maximum term of commitment was set to expire on April 20, 2021.

Following numerous continuances, a hearing on the petition to extend defendant's commitment to a state hospital was held on November 30, 2021.  While addressing various preliminary matters, the trial court engaged in the following exchange:

> "[THE COURT:]  Okay.  So, [defense counsel], before we turn to our motion, pretrial, parties and discussion of those items, I want to verify, because I'm looking at the record speaking to Judge Idiart's court and presiding judge's court, and [d]efense counsel may do this on behalf of [defendant]—may waive the jury trial.
>
> "Has that already been waived, or you need me to note that for the record at this time—or, [defense counsel]?
>
> "[DEFENSE COUNSEL]:  Your Honor, we can waive that today. There was anticipation that he's going to waive it.
>
> "THE COURT:  All right.  And as counsel may do that in special considerations in these type of proceedings, under *People vs. Powell*, 2004, 114 Cal.App.4th 1153 and 1157.  Counsel has been appointed because he's indigent, and he is waiving his right to a jury trial and agreeing through

---

[1]    All further statutory references are to the Penal Code.

counsel and agreeing to appear remotely on today's proceedings from the State Hospital. To each of those, a compound question, [defense counsel]. To the waiver of right to jury trial, is he waiving the right to jury trial at this time?

"[DEFENSE COUNSEL]: Yes, Your Honor.

"THE COURT: And is he agreeing to proceed remotely pursuant to the—what we outlined here today?

"[DEFENSE COUNSEL]: Yes.

"THE COURT: Okay. Very good. [District Attorney], did you want to be heard further on that waiver issue?

"[DISTRICT ATTORNEY]: No, Your Honor."

No further discussion was had on the question of a jury trial, and the trial court never engaged with defendant on this issue. There was also no evidence placed into the record by any of the attorneys appearing in this case on defendant's ability or capacity to waive such a right.

While evidence was introduced during the November 30, 2021, trial addressing the petition to extend defendant's commitment, that evidence has no impact on the constitutional problem created by the failure to properly consider the question of whether defendant had the capacity to waive his constitutional right to a jury trial. However, based on the evidence that was presented during the hearing on the petition, the trial court found the allegations to be true and extended defendant's commitment to the State Department of State Hospitals to April 20, 2023. This appeal followed.

## DISCUSSION

### I. The Lack of a Valid Waiver of the Right to a Jury Trial Requires a Remand

#### A. The Standard of Review

A criminal defendant who pleads NGI may be committed to a state hospital for a term equal to the maximum sentence the court could have imposed for the underlying offense. (§ 1026.5, subd. (a)(1).) However, certain procedures must be followed if there

3.

is a need to extend the commitment beyond the maximum sentence.  Specifically, section 1026.5, subdivision (b) provides in part:

> "(1) A person may be committed beyond the term prescribed by subdivision (a) only under the procedure set forth in this subdivision and only if the person has been committed under Section 1026 for a felony and by reason of a mental disease, defect, or disorder represents a substantial danger of physical harm to others.  [¶] … [¶]

> "(3) When the petition is filed, the court shall advise the person named in the petition of the right to be represented by an attorney and of the right to a jury trial.  The rules of discovery in criminal cases shall apply.  If the person is being treated in a state hospital when the petition is filed, the court shall notify the community program director of the petition and the hearing date.  [¶] … [¶]

> "(7) The person shall be entitled to the rights guaranteed under the federal and State Constitutions for criminal proceedings.  All proceedings shall be in accordance with applicable constitutional guarantees.…"

The court in *People v. Tran* (2015) 61 Cal.4th 1160, 1167 (*Tran*), stated the decision to waive a jury trial belongs to the defendant in the first instance constitutionally.  Therefore, the trial court must obtain any waiver of the right to a jury trial from the defendant on the record.  (*Ibid*.)  A knowing jury waiver "requires an appreciation of the nature of the jury trial right and the consequences of forgoing this right." (*People v. Sivongxxay* (2017) 3 Cal.5th 151, 171, italics omitted.)  However, if there is a question about the defendant's capacity to make a knowing and voluntary waiver, then control of the waiver decision will belong to defendant's trial counsel, as long as there is substantial evidence in the record establishing the defendant's lack of capacity to make that decision.  (*Tran*, at p. 1167.)  Once such a record is made, a defendant may not override his trial counsel's decision to waive the right to a jury trial. (*Ibid*.)

On review, evidence will be considered substantial "when it raises a reasonable doubt about the defendant's capacity to make a knowing and voluntary waiver, and the

4.

trial court's finding of a reasonable doubt must appear on the record." (*Tran*, *supra*, 61 Cal.4th at p. 1167.) Furthermore, an invalid waiver of the right to a jury trial is such a serious error, that it "is not susceptible to ordinary harmless error analysis and automatically requires reversal." (*Id*. at p. 1169.)

## B.    Application

When accepting defendant's waiver of a jury trial by his trial counsel, the trial court cited the case of *People v. Powell* (2004) 114 Cal.App.4th 1153, as authorizing its acceptance of the waiver. We note the Supreme Court in *Tran* specifically disapproved of *Powell* on this issue. (*Tran*, *supra*, 61 Cal.4th at p. 1169.)

The trial court failed to obtain a waiver of the right to a jury trial from defendant on the record, even though he was available to do so by appearing remotely. Also, while there is evidence in the record addressing the need to extend defendant's commitment to the state hospital, there is no evidence in the record specifically addressing whether he had the ability or capacity to waive his right to a jury trial.

Again, a knowing jury waiver "requires an appreciation of the nature of the jury trial right and the consequences of forgoing this right." (*People v. Sivongxxay*, *supra*, 3 Cal.5th at p. 171, italics omitted.) Because no such knowing waiver was obtained, this matter must be reversed and remanded for further proceedings.[2]

## DISPOSITION

We reverse the judgment of the trial court upholding the commitment extension order and remand for proceedings consistent with this opinion.

---

[2]    The People agree that the matter must be reversed and remanded.